FILED
JEANNE A. NAUGHTON, CLERK
JAN 24 2020
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

| In Re: | Case No.: | 19-19811-JKS |
|---|---|---|
| Ian J. Murphy, | Chapter: | 7 |
| Debtor. | Hearing Date: | November 12, 2019 |
| | Judge: | Hon. John K. Sherwood |

## DECISION AND ORDER REGARDING U.S. TRUSTEE'S MOTION TO DISMISS

The relief set forth on the following pages, numbers two (2) through thirteen (13), is hereby **ORDERED**.

_____
HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated: January 24, 2020

Page 2
Debtor: Ian J. Murphy
Case No.: 19-19811-JKS
Caption of Order: Decision and Order Regarding U.S. Trustee's Motion to Dismiss

## APPEARANCES

**VEITENGRUBER LAW LLC**
George E. Veitengruber, III, Esq.
1720 Highway 34, Suite 10
Wall, NJ 07727
*Counsel for the Debtor*

**UNITED STATES TRUSTEE**
Margaret McGee, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
*Counsel for the United States Trustee*

Page 3
Debtor:          Ian J. Murphy
Case No.:        19-19811-JKS
Caption of Order: Decision and Order Regarding U.S. Trustee's Motion to Dismiss

## PRELIMINARY STATEMENT

This matter is before the Court on a motion to dismiss by the United States Trustee (the "UST"). Ian J. Murphy (the "Debtor") filed for Chapter 7 relief in order to obtain a discharge of unsecured credit card debt in the amount of $94,983.17. The Debtor also has nondischargeable student loan debt in the amount of $131,930.67. The apparent objective here is to use Chapter 7 to free the Debtor from his credit card obligations and thus make the repayment of his student loan debt more manageable.

The UST contends that the Debtor's bankruptcy case must be dismissed because it is an abuse of the provisions of Chapter 7. The UST benefits from a "presumption of abuse" by the Debtor because the Debtor's income exceeds certain benchmarks established under the Bankruptcy Code known as the "Means Test." There are two (2) issues here: (i) whether the Debtor's sizeable nondischargeable student loan debt constitutes a "special circumstance" that overrides the presumption that this case is an abuse of Chapter 7, and (ii) whether the totality of the Debtor's financial circumstances suggest that this case is an abuse of Chapter 7.

For the reasons set forth below, the Court holds that the Debtor's student loan debt constitutes a special circumstance. As to whether the totality of the Debtor's financial circumstances warrants dismissal of this case, the Court is not prepared to decide this issue as the record now stands and requests additional evidence.

Page 4
Debtor:            Ian J. Murphy
Case No.:          19-19811-JKS
Caption of Order:  Decision and Order Regarding U.S. Trustee's Motion to Dismiss

## FACTS AND PROCEDURAL HISTORY

1. On May 14, 2019, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code.[1] The Debtor's petition shows the following:

    A. The Debtor is employed as a registered nurse at a hospital in New York City. The current monthly income of the Debtor and his spouse was $11,251.83 for the six (6) months preceding the petition date. The Debtor's annualized current monthly income is $135,021.96, which is greater than the New Jersey median income of $103,634.00 for three (3) person households.[2] Based on this income, the Debtor had to complete a Means Test calculation to determine whether a presumption of abuse should be in effect for his Chapter 7 case. Under the Means Test calculation, the Debtor has $9,819.61 in allowed deductions, leaving him with a monthly disposable income of $1,432.22. When projected over sixty (60) months, the Debtor's total monthly disposable income equals $85,933.20. The Debtor acknowledges that the presumption of abuse arises in this case.

    B. But, the Debtor indicates that he has "special circumstances" that justify the inclusion of two (2) additional expenses in his disposable income calculation: (a) $1,750 for "Student Loan" and (b) $242 for "Metro & Train Additional."[3] If these expenses are considered, the Debtor's monthly surplus turns into negative cash flow.

    C. Schedule I shows that the Debtor and his non-filing spouse have a combined monthly net income of $8,120.42. Schedule J indicates that when the student loan payment and additional metro and train expenses are included, the Debtor and his non-filing spouse have

---

[1] ECF No. 1. On May 29, 2019, the Debtor amended his petition to include missing pages. The Debtor has a daughter (age 6) as a dependent.
[2] *Id.* at Official Form 122A-1.
[3] *Id.* at Official Form 122A-2.

Case 19-19811-JKS    Doc 21    Filed 01/24/20    Entered 01/27/20 09:53:09    Desc Main
Document    Page 5 of 13

Page 5
Debtor:             Ian J. Murphy
Case No.:           19-19811-JKS
Caption of Order:   Decision and Order Regarding U.S. Trustee's Motion to Dismiss

---

combined monthly expenses of $8,831.00, which results in a monthly net income of negative ($710.58).

D. The Debtor has one secured creditor that has a claim of $45,710.07, which is secured by the Debtor's 2019 Infiniti Q50. The Debtor makes payments of $599 per month on this vehicle and intends to maintain these payments going forward. The Debtor has general unsecured debts totaling $226,913.84. As of the petition date, $131,930.67, or 58.14%, of the unsecured claims arise from student loan obligations.[4] Most, if not all, of the Debtor's other general unsecured debt, totaling $94,983.17, is credit card debt.

2. On July 5, 2019, the UST filed the Statement of Presumed Abuse.[5]

3. On August 5, 2019, the UST filed its motion to dismiss the Chapter 7 case for abuse ("Motion to Dismiss"). The UST argues that the case should be dismissed because (a) the Debtor cannot rebut the presumption of abuse under 11 U.S.C. § 707(b)(2) by showing special circumstances, and (b) even if the Debtor can rebut the presumption of abuse, the case should still be dismissed under 11 U.S.C. § 707(b)(3)(B) because the totality of the Debtor's financial circumstances demonstrates abuse.[6]

4. On September 5, 2019, the Debtor filed an Objection to the Motion to Dismiss (the "Objection") arguing that his student loan obligations constitute a special circumstance that rebuts the presumption of abuse under § 707(b)(2). It is the Debtor's position that the student loan payments should be included in his Means Test calculation and that converting his case to Chapter 13 "will leave the Debtor in a worse financial position upon completion of the Chapter 13 plan."[7]

---

[4] Id. at Schedule D.
[5] ECF No. 8.
[6] ECF No. 10-3.
[7] ECF No. 12-1.

Page 6
Debtor:            Ian J. Murphy
Case No.:          19-19811-JKS
Caption of Order:  Decision and Order Regarding U.S. Trustee's Motion to Dismiss

---

5. On October 8, 2019, the Court held a hearing on the Motion to Dismiss. At the conclusion of that hearing, the Court gave the Debtor fourteen (14) days to either convert the case to Chapter 13 or file a detailed certification supporting the Debtor's argument for special circumstances.

6. On October 23, 2019, the Debtor filed a certification in support of the Objection. The certification includes statements for his nine (9) outstanding student loans and amortization schedules for the loans. The Debtor argues that if his case is converted to Chapter 13, then the principal balance on all of his student loans will grow by $40,000 due to negative amortization. This calculation is based on a plan payment of $1,039.42. The nine (9) student loans are of varying amounts, interest rates and maturity dates.[8]

7. On November 7, 2019, the UST filed a supplemental response to the Motion to Dismiss in which it argues that the Debtor is using an incorrect amount when calculating his disposable income. Citing to § 1325(b), it is the UST's position that the Debtor's disposable income in a hypothetical Chapter 13 case will be $1,432.22. Again, the UST asserts that the Debtor has failed to show that the student loans qualify as a special circumstance under § 707(b)(2). The UST reiterated its position that, even if the student loans qualify as special circumstance, the case should be dismissed for abuse under the totality of the circumstances pursuant to § 707(b)(3)(B).[9]

8. On November 12, 2019, the Court held another hearing on the Motion to Dismiss and the Objection. Neither party asked for live testimony from the Debtor even though he was present in Court. At the conclusion of that hearing, the Court reserved its decision and allowed the parties to file closing papers based on the record as it currently stands. On November 26, 2019, the Debtor filed his Closing Statement and the UST filed more supplemental pleadings in

---

[8] ECF No. 16.
[9] ECF No. 18.

Case 19-19811-JKS    Doc 21    Filed 01/24/20    Entered 01/27/20 09:53:09    Desc Main
Document    Page 7 of 13

Page 7
Debtor:             Ian J. Murphy
Case No.:           19-19811-JKS
Caption of Order:   Decision and Order Regarding U.S. Trustee's Motion to Dismiss

support of the Motion to Dismiss.[10] In his Closing Statement,[11] the Debtor lists the student loan debts as follows:

| Loan | Current Balance | Interest Rate | Percentage of Total Unsecured Debts |
|---|---|---|---|
| Great Lakes 725 | $4,346.21 | 3.4% | 1.915% |
| Great Lakes 726 | $7,458.41 | 6.8% | 3.287% |
| Great Lakes 727 | $4,370.79 | 3.86% | 1.926% |
| Great Lakes 728 | $6,228.90 | 3.86% | 2.745% |
| Sallie Mae 1160 | $54,092.87 | 12.875% | 23.839% |
| Sallie Mae 6137 | $22,417.55 | 9.875% | 9.879% |
| Sallie Mae 9002 | $25,895.75 | 10.375% | 11.412% |
| Navient 1-02 | $2,502.95 | 4% | 1.103% |
| Navient 1-02 | $3,494.26 | 4% | 1.540% |

9. In light of the higher interest rates on the Sallie Mae loans in the chart above, there is no doubt that in a Chapter 13 case, the amount of the Debtor's student loan debt will increase over the lifetime of a Chapter 13 plan if student loan debt is treated the same as other unsecured debt. The UST suggests that the Debtor is lowballing his projected Chapter 13 plan payment of $1,039 to arrive at the $40,000 increase in student loan debt. Based on the UST's analysis, if the Debtor paid $1,750 (the amount the Debtor intends to pay monthly on student loans after receiving a Chapter 7 discharge) under a Chapter 13 plan, his student loan debt will only increase by $7,000. The UST has also provided a middle ground analysis which shows an increase of approximately $21,000 based on plan payments of $1,432 per month. The bottom line is that the Debtor's current student loan debt of approximately $132,000 will grow to approximately $139,000 in the best case and $170,000 in the worst case in a Chapter 13 scenario.[12]

---

[10] ECF Nos. 19 and 20.
[11] ECF No. 19.
[12] See UST's amortization analysis, ECF No. 20-2, Ex. A.

Page 8
Debtor:                Ian J. Murphy
Case No.:              19-19811-JKS
Caption of Order:      Decision and Order Regarding U.S. Trustee's Motion to Dismiss

## ANALYSIS

10. Section 707(b)(2) of the Bankruptcy Code provides for the Means Test, which was enacted by Congress to act as a mechanical screening process to determine whether a debtor may proceed in a case under Chapter 7 of the Bankruptcy Code.[13] The Means Test is a statutory formula that determines whether there is a presumption of abuse in a Chapter 7 case.

11. This test "is based upon historical income and expenses, it was 'not intended to . . . produce the most accurate prediction of the debtor's actual ability to fund a chapter 13 plan . . . .'"[14]

12. In this case, the parties do not dispute that the presumption of abuse under § 707(b) arises. Thus, the Court does not have to engage in a Means Test analysis. Instead, the Court must determine (1) whether the Debtor's student loan payments rise to the level of "special circumstances" under § 707(b)(2)(B), and (2) whether the totality of the Debtor's financial circumstances calls for dismissal of the Debtor's case.

   A. <u>The Debtor Has Met His Burden Of Showing A Special Circumstance Under § 707(b)(2)(B).</u>

13. In cases where a presumption of abuse arises, the "Court must dismiss the Chapter 7 case unless a debtor is able to rebut the presumption pursuant to section 707(b)(2)(B)."[15] The debtor bears the burden of showing that a "special circumstance" justifies the expenses the debtor claims in his or her petition. Section 707(b)(2)(B) includes two examples of special circumstances, "a serious medical condition or a call or order to active duty in the Armed Forces . . . ." However, this is not an exclusive list.[16]

---

[13] *Ransom v. FIA Card Servs. N.A.*, 562 U.S. 61, 64 (2011).
[14] *In re Haman*, 366 B.R. 307, 316 (Bankr. D. Del. 2007) (quoting *In re Walker*, No. 05-15010, 2006 WL 1314125, *6 (Bankr. N.D. Ga. May 1, 2006)).
[15] *In re Wilson*, 356 B.R. 114, 116 (Bankr. D. Del. 2006).
[16] *In re Haman*, 366 B.R. at 312-13.

Case 19-19811-JKS    Doc 21    Filed 01/24/20    Entered 01/27/20 09:53:09    Desc Main
Document    Page 9 of 13

Page 9
Debtor:          Ian J. Murphy
Case No.:        19-19811-JKS
Caption of Order: Decision and Order Regarding U.S. Trustee's Motion to Dismiss

14. To meet this burden, the debtor must satisfy the procedural and substantive requirements of § 707(b)(2)(B). To satisfy the procedural requirements, a debtor must (a) itemize each additional expense, (b) provide documentation of such expense, (c) explain in detail why the expense is necessary and reasonable, and (d) attest under oath that the information provided is accurate. The substantive requirement of § 707(b)(2)(B) is met where the debtor shows that the "special circumstance" is enough to "justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative."[17]

15. Courts are divided on the application of the special circumstance standard to student loan debt. There are courts that apply a per se special circumstances standard and find student loan payments rise to the level of special circumstances because they are nondischargeable. Some courts look to the reasons why the debtor incurred the student loan debt and find a special circumstance only if the debt was taken on out of necessity or due to circumstances outside of the debtor's control. Other courts "focus on the future and assess the likely consequences for the debtor if the student loan payment is not treated as a 'special circumstance.'"[18] These courts "focus on the exceptional burdens placed on the debtor by reason of the obligation of the student loan that would survive the bankruptcy discharge."[19]

16. In this case, the substantive requirements of § 707(b)(2)(B) have been met. The Debtor's student loan debt has been itemized and documented. The expense is necessary because it is a non-dischargeable debt under § 523(a)(8) of the Bankruptcy Code. But the Court agrees with decisions such as *In re Harmon*, which have held that just because a debt is non-dischargeable, it does not automatically qualify as a special circumstance. In cases where a debtor can pay

---

[17] 11 U.S.C. § 707(b)(2)(B); *see also In re Harmon*, 446 B.R. 721, 727 (Bankr. E.D. Pa. 2011).
[18] *See In re Harmon*, 446 B.R. at 729.
[19] *In re Womer*, 427 B.R. 334, 336 (Bankr. M.D. Pa. 2010).

Case 19-19811-JKS    Doc 21    Filed 01/24/20    Entered 01/27/20 09:53:09    Desc Main
Document    Page 10 of 13

Page 10
Debtor:            Ian J. Murphy
Case No.:          19-19811-JKS
Caption of Order:  Decision and Order Regarding U.S. Trustee's Motion to Dismiss

down some of his student loan debt and make good faith payments to other unsecured creditors, special circumstances may not exist even if the debtor will be burdened with some student loan debt to deal with after the Chapter 13 plan is completed. This is not such a case. Here, the Debtor's student loan debt is $131,986, a substantial sum. Based on the interest rates, this amount will grow by at least $7,000 and may be as much as $40,000 over a Chapter 13 plan period. The Debtor will have more student loan debt and less time to pay it. Under these unique circumstances, the Court finds that the student loan payments are special circumstances that should be included as additional expenses in the Debtor's Means Test calculation. The presumption of abuse has been rebutted by the Debtor.

B. Totality Of The Circumstances

17. The UST also seeks dismissal of this case under § 707(b)(3)(B) because the totality of the Debtor's financial circumstances demonstrates abuse. Here, "the Court must consider all of the circumstances of a debtor's financial situation, including the Debtor's ability to fund a chapter 13 plan."[20] This analysis "may consider a debtor's 'actual and anticipated financial' ability to repay creditors during a hypothetical chapter 13 commitment period." The trustee bears the initial burden of showing that the debtor has the ability to make substantial payment on unsecured debt. If the trustee is successful, then the "debtor must demonstrate he is otherwise entitled to chapter 7 relief." This analysis looks at the debtor's financial condition at the time the motion to dismiss is heard by the Court and includes all post-petition events.[21] "Ultimately, . . . the totality of the circumstances eschews bright-line concepts and . . . all

---

[20] *In re Haman*, 366 B.R. at 312 (citations omitted).
[21] *In re Cardona-Pereira*, 2010 WL 500404, *5 (D.N.J. Feb. 4, 2010) (citations omitted).

Case 19-19811-JKS    Doc 21    Filed 01/24/20    Entered 01/27/20 09:53:09    Desc Main
Document    Page 11 of 13

Page 11
Debtor:            Ian J. Murphy
Case No.:          19-19811-JKS
Caption of Order:  Decision and Order Regarding U.S. Trustee's Motion to Dismiss

factors, including the potential dividend and the aggregate amount of debt that could be paid, must be weighed against the unique facts of each case."[22]

18. The Court has considered the consequences of dismissal of this case. The Debtor will be burdened with massive student loan and credit card debt for the foreseeable future with no way out. Thus, outright dismissal is not an option. The Court also considered whether the Debtor could pay a dividend on his credit card debt in a Chapter 13 case. As set forth above, even if the Chapter 13 payment is $1,750 as suggested by the UST, the Debtor's student loan debt would grow by more than $7,000 over a five-year plan period assuming the student loan debt and credit card debt were placed in the same class under a Chapter 13 plan. Finally, the Court looked at a potential Chapter 13 plan that would separately classify the student loan debt and allocate the "lion's share" of the plan payments to the student loans and leave a modest amount for credit card debt. But there are potential problems with this approach. First, while some cases allow the separate classification and better treatment of student loan debt versus other unsecured debts in Chapter 13, other cases do not.[23] Second, the Debtor needs $1,097.40 per month to pay interest only on his student loan debt.[24] It is not clear that the Debtor can pay more than that amount. And, even if he can, the Debtor will still emerge five years from now with all of his student loan ahead of him.

19. Looking further at the totality of the Debtor's financial circumstances, there are two (2) things that are bothersome. The first is the $599 per month payment on a 2019 luxury automobile that was raised by the UST. The Debtor had massive student loan and credit card debt when this financing occurred. There had to be less expensive options available to the Debtor. The

---

[22] *In re Kubatka*, 605 B.R. 339, 357 (Bankr. W.D. Pa. 2019) (citations omitted).
[23] *See In re Engen*, 561 B.R. 523 (Bankr. Kan. 2016) (providing a comprehensive discussion of cases addressing whether a Chapter 13 debtor can separately classify student loan debt).
[24] ECF No. 19-1 at 2.

Case 19-19811-JKS    Doc 21    Filed 01/24/20    Entered 01/27/20 09:53:09    Desc Main
Document    Page 12 of 13

Page 12
Debtor: Ian J. Murphy
Case No.: 19-19811-JKS
Caption of Order: Decision and Order Regarding U.S. Trustee's Motion to Dismiss

Debtor's response was that he "chose to convert the lease to a purchase based on exceeding the annual lease mileage for the vehicle" and that the monthly payment of $599 "is based on the fees rolled into the purchase price and [his] inability to obtain better financing."[25] Though no one challenged this response at the hearing, upon further reflection, it makes no sense. The car was brand new and had 120 miles on it when the petition was filed. The Debtor has not provided a satisfactory explanation of why, in the months before his bankruptcy, he thought it was acceptable to commit to pay $599 per month for a new luxury vehicle. This is even more troubling based on the fact that the Debtor and his wife have budgeted $720 per month for other transportation expenses. The Court is not prepared to decide in the Debtor's favor on this issue as the record now stands. Second, the Debtor has over $94,000 of credit card debt. This suggests that the Debtor was using credit to live beyond his means. It is hard to comprehend how the Debtor believed that he could pay off credit card debt of this magnitude and his student loan debt given his household's income. Allowing the Debtor to discharge all his credit card debt with no payment is a hard pill to swallow.

20. On the other hand, if the Debtor is compelled to convert his case to Chapter 13, he will emerge from the case with more student loan debt than he had when he started. In the final analysis, the Court will consider that student loan debt is nondischargeable under the Bankruptcy Code. Because Congress has decided to favor student loan debt over ordinary unsecured debt, there will be cases where student loan debt survives and general unsecured debt is discharged. In this case, the amount of the Debtor's student loan obligations and their potential growth over the life of a hypothetical Chapter 13 plan may outweigh the other considerations under § 707(b)(3)(B)'s totality of the circumstance analysis. But the Court is not prepared to hold in

---

[25] ECF No. 16-1 at ¶ 24.

Case 19-19811-JKS    Doc 21    Filed 01/24/20    Entered 01/27/20 09:53:09    Desc Main
Document    Page 13 of 13

Page 13
Debtor: Ian J. Murphy
Case No.: 19-19811-JKS
Caption of Order: Decision and Order Regarding U.S. Trustee's Motion to Dismiss

---

the Debtor's favor at this time. The Debtor is ordered to provide a supplemental certification within ten (10) days addressing his decision to purchase the 2019 auto. The Debtor should provide copies of the original lease and the subsequent financing agreement. The Debtor should also state why he did not consider less expensive alternatives. The Debtor should also break down how he and his wife spend $720 per month on other transportation. Finally, the Debtor should provide some background on how his credit card debt came to such a high level. The Debtor should feel free to add any other information for the Court to consider in the context of the totality of the circumstances analysis. The UST will have seven (7) days to respond to the Debtor's certification. At that point, the Court will decide whether or not it will dismiss the case based on the totality of the Debtor's financial circumstances.

## **CONCLUSION**

The UST's Motion to Dismiss is denied in part because the Debtor has shown special circumstances under § 707(b)(2)(B). The Court will render a decision on the Motion to Dismiss based on the totality of the Debtor's financial circumstances after review of the supplemental pleadings.